UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VANNESA GALABIN, an individual,<br><br>                 Plaintiff,<br><br>  v.<br><br>DELTA AIR LINES INC., a Georgia Corporation, and DOES 1 through 10, inclusive,<br><br>                 Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT**

COMES NOW the Plaintiff, VANNESA GALABIN, by and through her attorney of record and states and alleges against the above-named Defendants as follows:

**I.    PARTIES**

1. This is an action by Vanessa Galabin (hereinafter "Galabin" or "Plaintiff"), resident of Pierce County, Washington, who was employed by Delta Air Lines, Inc. (hereinafter "Delta" or "Defendant"), as a Ramp Agent. Plaintiff was subject to harassment based on sex.

COMPLAINT - 1

Defiance Law PLLC
7512 Bridgeport Way W
Lakewood, WA 98499
(253) 244-7327

2. Plaintiff is informed and believes, and based thereon, alleges that defendant, DELTA AIR LINES, INC., is a corporation organized and existing under the laws of the State of Georgia and headquartered in the State of Georgia and is believed to have in excess of 80,000 employees.

3. Defendants and each of them are the subsidiaries, parent companies, holding companies, alter egos, or successors of each other.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued in the Complaint under the fictitious names of DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the said fictitiously named defendants were the employer of Plaintiff and are responsible in some manner for the occurrences herein alleged.

5. At all times referenced herein, Plaintiff's employer, as defined by Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e, *et seq.,* was Royal Canin USA, Inc.

## II.   JURISDICTION & VENUE

6. This Court has original jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure protection of rights guaranteed by federal law.

7. Plaintiff further brings her complaint under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## III.   GENERAL FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant as a Ramp Agent in approximately September of 2018.

9. On or about June 15, 2019, Plaintiff attended a gathering at a coworkers home with attendance of other coworkers. Plaintiff did not feel well after alcohol consumption and the homeowner said she could use a bedroom to rest. Plaintiff's coworker Dion Dagdag came into the bedroom and sexually assaulted Plaintiff trying to kiss her, lift and her shirt and grab her breast.

10. On or about June of 2019, Plaintiff emailed complaints to her direct manager, Robert Sapp, and department manager, Dereck Howard about this incident.

11. Plaintiff also informed her supervisors that there was writing in the men's restroom containing sexual comments about Plaintiff. These explicit comments are clearly referring to Mrs. Galabin because they contain her first name "Vanessa".

12. In her emails to management, Plaintiff allged that she had been sexually assaulted by a coworker, Dion Dagdag.

13. Management was also made aware of verbal harassment Plaintiff was subject to by coworkers, who called her names such as "hoe" or "slut" and discussed her private sex life. Plaintiff was subject to further harassment due to defamatory writing in the men's restroom, but no attempt was made by Defendants to resolve these issues.

14. Plaintiff requested a shift change to nights to ensure she would not come in contact with Mr. Dagdag at work. The shift change request was not accommodated.

15. Management failed to perform a legitimate investigation into Plaintiff's claims of harassment, to remove the writing in the men's restroom, or make any effort to ensure Plaintiff did not work with Mr. Dagdag.

16. Due to Defendant's failures, Plaintiff was subject to further anxiety when she encountered Mr. Dagdag at work.

17. Seeing Mr. Dagdag at work caused Plaintiff to have severe anxiety and depression, leading her to take a two month leave from work.

18. During Plaintiff's leave she was admitted into a psychiatric facility due to severe anxiety and depression caused from her assault my Mr. Dagdag.

19. Upon Plaintiff's return to work, her complaints were still not taken seriously, and nothing was done to accommodate her request to switch shifts. Furthermore, the defamatory writing in the men's bathroom was not removed.

20. Plaintiff's supervisor subjected her to harassing and discriminatory conduct. When Plaintiff reported this conduct to her supervisors, Defendants failed to take immediate and corrective action, or adequately investigate the harassment and discrimination. Defendant then took no disciplinary action against the harasser.

21. On or about January 31, 2020, Plaintiff filed a charge of harassment and discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Seattle Field Office. On May 19, 2020, the EEOC mailed Plaintiff a Right-to-Sue Letter.

## FIRST CAUSE OF ACTION

## HARASSMENT Based on Sex

### (Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e *et seq*.)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if fully alleged herein.

23. Plaintiff was subject to unwelcome, offensive, discriminatory, and harassing conduct during her employment with Delta Airlines, Inc. due to the conduct described herein above.

24. Defendant has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000(e) *et seq*., by discriminating against and harassing Plaintiff on the basis of sex, by allowing Plaintiff to be subjected to the conduct described herein above in failing to properly investigate Plaintiff's harassment when it was reported to her supervisors.

25. Defendant discriminated against and harassed Plaintiff on the basis of sex, in violation of Title VII, 42 U.S.C. § 2000(e) *et seq.*, by tolerating and failing to prevent the harassment and discrimination alleged herein, by failing to take affirmative action to correct and redress these unlawful employment practices.

26. Defendant's conduct described herein was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship.

27. As a direct result of Defendant's discriminatory and harassing policies and practices described herein, Plaintiff suffered damages, including, but not limited to, lost past and future income, earning capacity, emotional distress and anxiety.

28. Plaintiff requests further relief as hereinafter described.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Vanessa Galabin, respectfully requests that the Court issue a judgment granting the following relief from Defendant:

a. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of sex.

b. Damages for emotional distress, embarrassment, and humiliation, pain and suffering, mental anguish, anxiety, inconvenience, and loss of enjoyment of life;

c. Compensatory damages for lost wages and benefits;

d. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

e. Costs expended herein, including reasonable attorneys' fees;

f. Pre-judgment and post-judgment interest; and

g.    Any and all other relief to which Plaintiff may be entitled.

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

DATED: June 16, 2020

DEFIANCE LAW PLLC

_____
Kevin Smith, WSBA No. 48578
7512 Bridgeport Way W, Ste A
Lakewood, WA 98499
Telephone: (253) 244-7327
Email: k.smith@defiance.law
Attorney for Plaintiff
Vanessa Galabin